UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MELINDA M., ) | |
|     Plaintiff, ) | |
| ) | |
|   v. ) | CAUSE NO.: 1:19-CV-299-JVB |
| ) | |
| ANDREW SAUL, Commissioner of the ) | |
| Social Security Administration, ) | |
|     Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Melinda M. seeks judicial review of the Social Security Commissioner's decision denying her disability benefits and asks this Court to remand the case. For the reasons below, this Court affirms the Administrative Law Judge's decision.

**PROCEDURAL BACKGROUND**

Plaintiff applied for disability insurance benefits under Titles II and XVI. In her applications, Plaintiff alleged that she became disabled on August 23, 2015. (AR 16). After a hearing in 2018, the Administrative Law Judge ("ALJ") found that Plaintiff suffered from the severe impairments of obesity, bilateral knee osteoarthritis, degeneration of the cervical spine, history of recto-vaginal fistula with subsequent surgical repair, migraines, fibromyalgia, adjustment disorder with mixed depression and anxiety, and posttraumatic stress disorder. (AR 19). The ALJ also found that Plaintiff suffered from the non-severe impairments of hypertension, left ankle tendinosis and tenosynovitis, and right shoulder bursitis. (AR 19). The ALJ found that Plaintiff is unable to perform any past relevant work, but that she is capable of performing jobs in the national economy, such as collator, office helper, and routing clerk. (AR 28). Therefore, the ALJ found her to be not disabled from August 23, 2015, through the date

of the decision. (AR 28). This decision became final when the Appeals Council denied Plaintiff's request for review. (AR 1).

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether [she] can perform [her] past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff contends that the ALJ committed two reversible errors: the ALJ failed to properly evaluate Plaintiff's migraines in the RFC determination; and the ALJ did not adequately account for her limitations in concentrating, persisting, and maintaining pace.

### A. RFC Determination

Plaintiff asserts that the ALJ erred in assessing her RFC by failing to account for the limitations caused by her migraines. At step four of the sequential evaluation, an ALJ must assess a claimant's RFC. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004) ("The RFC is an assessment of what work-related activities the claimant can perform despite her limitations."); *see also* 20 C.F.R. § 404.1545(a)(1). In evaluating a claimant's RFC, an ALJ is expected to take into consideration all of the relevant evidence, including both medical and non-medical evidence. *See* 20 C.F.R. § 404.1545(a)(3). According to the regulations:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies of ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7. Although an ALJ is not required to discuss every piece of evidence, she must consider all of the evidence that is relevant to the disability determination and provide enough analysis in her decision to permit meaningful judicial review. *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000); *Young*, 362 F.3d at 1002. In other words, the ALJ must build an "accurate and logical bridge from the evidence to [her] conclusion." *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). The ALJ must also consider the combination of impairments, as the

impairments in combination "might well be totally disabling" even if the impairments alone may not be serious. *Martinez v. Astrue*, 630 F.3d 693, 698 (7th Cir. 2011).

Plaintiff asserts that the ALJ failed to consider the effect of her migraines on her ability to work full-time. Plaintiff was diagnosed with migraine headaches by her treating neurologist in February 2015. (AR 715). However, the ALJ noted that they improved after she was prescribed glasses. (AR 25). The ALJ also found that her migraines were regularly reported as "stable," and that her reports of headaches were considered vague. (AR 25). The ALJ further noted that "imaging of the claimant's head was unremarkable." (AR 25). The ALJ also noted that although she reported 30 headaches a month, she as noted to be laughing and smiling during her exam, despite reporting a headache. (AR 25). The ALJ found that the number of headaches reported changed based on which provider she was reporting to, even in the same month. (AR 25).

Plaintiff asserts that the ALJ erroneously found her headaches to be not disabling solely based on a lack of objective medical evidence. It is true that lack of objective evidence alone cannot discount the severity of migraines. The Seventh Circuit has noted that MRIs are used "*to rule out other possible causes of headache* – such as a tumor – meaning that an unremarkable MRI is completely consistent with a migraine diagnosis." *Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014) (emphasis in original). However, here, the ALJ did not use only the lack of objective medical evidence. The ALJ also looked to Plaintiff's inconsistent testimony, her improvement with glasses, and the stability of her migraines. The ALJ relied on medical evidence in the record to make her decision regarding Plaintiff's migraines. The ALJ also discredited Plaintiff's subjective symptoms of pain because the "pain treatment center stated that it may have to discharge the claimant for inconsistencies and filling prescriptions from multiple providers." (AR 24).

Plaintiff speculates that a medical note indicating she suffered from 30 migraines in the last month was "possibly a mis-key for '3,'" but this is nothing more than speculation and is not supported by anything in the record. Moreover, the ALJ noted that Plaintiff was noted to be laughing and smiling during exams, despite reporting headaches. (AR 25). The ALJ also found that Plaintiff reported vastly different amounts of headaches to different providers, reporting migraines three days a week to one provider, but four headaches a month to a second provider. (AR 25). The ALJ provided the requisite logical bridge from the evidence to the RFC determination. While Plaintiff may not be happy with the ALJ's decision, the Court cannot reweigh the evidence when the ALJ supported her statement with substantial evidence.

Plaintiff does not point to any limitations caused by her migraines that the ALJ fails to account for in the RFC. Plaintiff's neurologist also did not opine as to any functional limitations regarding her migraines. (AR 720-21). The ALJ provided for Plaintiff's migraines in the RFC by finding that Plaintiff could not work in scenarios that might exacerbate her headaches (such as no exposure to bright or flashing lights and no more than moderate noise, as well as limitations on exposure to fumes and temperature). (AR 22). Plaintiff suggests no further restrictions or limitations required to accommodate her migraines.

The ALJ did not rely solely on the lack of objective evidence in considering Plaintiff's migraines when creating the RFC determination. The Commissioner, however, incorrectly argues that the ALJ relied on the state agency physicians in providing limitations regarding Plaintiff's migraines. As an initial matter, the ALJ never discussed relying on the state agency physicians regarding migraines in the decision. More importantly, the state agency physician opinions provided functional limitations, but did not specify which limitations were related to her migraines.

However, the ALJ did not err in the RFC determination, so the Commissioner's incorrect argument is of no importance.

### B. Concentrating, Persisting, and Maintaining Pace

Finally, Plaintiff asserts that the ALJ failed to accommodate her moderate limitations in concentrating, persisting, and maintaining pace in the RFC. At step two, the ALJ found that Plaintiff had moderate limitations in concentrating, persisting, and maintaining pace. (AR 21). The ALJ noted that Plaintiff's ability to drive, listen to music, and listen to books suggests that she is able to maintain some level of concentration. (AR 21). However, the ALJ noted that a consultative examiner recorded "some" issues with concentration. (AR 21). In the RFC, the ALJ provided the following limitations:

> [T]he claimant is able to understand, carry out, and remember simple, routine, and repetitive tasks with no production rate or pace work, with only occasional simple work-related decision-making required; the claimant can maintain attention and concentration for two-hour intervals; the claimant could respond appropriately to occasional changes in the workplace; the claimant could have frequent interactions with supervisors and occasional interactions with coworkers and the general public[.]

(AR 22).

When an ALJ does not adequately capture the Plaintiff's restrictions on concentration, persistence, and pace, the ALJ's decision will be remanded. *Yurt v. Colvin*, 758 F.3d 850, 858-59 (7th Cir. 2011) (emphasizing that all of Plaintiff's restrictions must be present in the hypothetical to the vocational expert). The Seventh Circuit has "repeatedly rejected the notion that a hypothetical . . . confining the claimant to simple, routine tasks and limited interaction with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace." *Id.* Limiting a claimant to simple, routine, and repetitive tasks limits the claimant to "unskilled work," which is "unrelated to the question of whether an individual with mental

impairments – e.g., with difficulties maintaining concentration, persistence, or pace – can perform such work." *Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2004).

It is true that in some cases, limiting Plaintiff to simple and routine tasks with limited social interaction may not adequately accommodate moderate limitations in concentrating, persisting, or maintaining pace. However, that is not what the ALJ has done here. The ALJ provided specific limitations with regards to attention and concentration, finding that Plaintiff could maintain attention and concentration for two hour intervals. (AR 22). The ALJ noted that, although the medical record did not support Plaintiff's allegations to the extent she alleged, the ALJ gave deference to her subjective allegations where they were consistent with the clinical notes discussing her mental impairments. (AR 25-26). The Seventh Circuit has held that limitations encapsulating concentration difficulties (such as limiting work to exercising of only simple judgment or specifically mentioning concentration) are enough to account for moderate limitations in concentrating, persisting, and maintaining pace. *Dudley v. Berryhill*, 773 F. App'x 838, 842 (7th Cir. 2019). Here, the ALJ specifically provided limitations regarding Plaintiff's concentration.

Moreover, the ALJ provided more restrictive limitations than opined by the state agency physicians, who found that Plaintiff's attention and concentration were moderately impacted, but that she could complete unskilled work and respond appropriately to brief supervision and interactions with coworkers and work situations. (AR 26, 87, 107). Some of the state agency physicians found that Plaintiff's mental impairments were not severe and found that Plaintiff's mental impairments were improving with therapy. (AR 101, 107). The ALJ noted that the overall medical record, including evidence not available to the state agency physicians, established greater mental limitations. (AR 26). The ALJ also gave "some" weight to the consultative examiner, who

7

opined that Plaintiff would have some difficulty with concentrating and staying on task as well as with understanding and remembering complex topics. (AR 26).

Plaintiff did not identify any limitations that she asserts the ALJ omitted and should have included in the hypothetical question. The ALJ provided more restrictive limitations than the limitations identified by the state agency doctors, and the ALJ specifically discussed concentration and attention in the RFC. The ALJ properly accounted for Plaintiff's moderate limitations in concentrating, persisting, and maintaining pace, and the ALJ supported those limitations with evidence in the record.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the relief requested in the Brief in Support of Plaintiff's Complaint to Review Decision of Commissioner of Social Security Administration [DE 18] and **AFFIRMS** the decision of the Commissioner of the Social Security Administration.

SO ORDERED on August 5, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT